UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14152-Moore/McCabe

ANGELA S. STALLINGS,

    Plaintiff,

v.

WALMART,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court *sua sponte* following the Court's granting of Plaintiff's *pro se* Application to Proceed *in Forma Pauperis*. (DE 7). By previous order, the District Court referred all dispositive matters to the undersigned for a report and recommendation. (DE 6). For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Complaint (DE 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   DISCUSSION**

This is a civil rights case involving Plaintiff's loss of her job at Walmart. By previous Order, the undersigned allowed Plaintiff to proceed *in forma pauperis* ("IFP"). (DE 7). In IFP cases, a court "shall" dismiss any action that:

    (i)    is frivolous or malicious;

    (ii)   fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). As to subsection (ii), the standard for failure to state a claim mirrors the standard set forth in Fed. R. Civ. P. 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying the Rule 12(b)(6) standard to dismissals under § 1915(e)(2)(B)(ii)). To survive dismissal, therefore, a complaint must provide "more than labels and conclusions," and must instead allege facts sufficient to "raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Complaint here alleges a claim under 42 U.S.C. § 1983, which provides a remedy against every person who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States. To state a viable § 1983 claim, Plaintiff must allege facts that show (1) a violation of a constitutional right, (2) committed by a person acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). The Court finds that the Complaint fails to state a plausible § 1983 claim. Among other problems, the Complaint fails to explain how or why Walmart acted under "color of state law." Walmart is a private corporation, not a state actor.

Mindful of Plaintiff's *pro se* status, the Court has carefully reviewed the Complaint to determine whether Plaintiff might have other legally cognizable civil rights claims. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (noting that courts hold *pro se* pleadings to a "less stringent standard than pleadings drafted by attorneys"). In particular, Plaintiff attached to her Complaint a collection of documents stemming from an EEOC Charge of Discrimination that Plaintiff previously filed against Walmart. (DE 1-2). The Court has attempted to discern whether Plaintiff might have claims under other civil rights statutes such as Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981.

Even when applying the most liberal pleading standards, however, the Court cannot discern any plausible claims.  To state a claim under Title VII, for example, a plaintiff must allege enough factual matter (taken as true) to suggest intentional discrimination based on race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).  Similarly, to state a claim under § 1981, a plaintiff must allege facts that that show (1) intentional discrimination (2) that caused a contractual injury.  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004).  "A contractual injury includes any injury relating to the making, performance, modification, or termination of the contract, or to the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021) (quoting 42 U.S.C. § 1981(b)) (cleaned up).

The Complaint here does not satisfy these standards.  Instead, the Complaint sets forth a confusing narrative that does not fully explain how or why Plaintiff lost her job at Walmart.  Among other problems:

- Plaintiff alleges she reported a concern to Walmart regarding the "associate relation open door," and that Walmart "took my complaint and never [did] anything."  (DE 1 at 4).  Plaintiff does not explain the term "associate relation open door," nor does she explain how this relates to the loss of her job.

- Plaintiff alleges she asked Walmart for a "letter so I can get help," but that Walmart refused to provide the letter.  (DE 1 at 4).  She does not explain the purpose of the letter or how it relates to her termination or possible discrimination.

- Plaintiff alleges she went on short-term disability, that Walmart used her "old point," and that her supervisor "[made] sure" she had "no points."  (DE 1 at 5).  The

3

Court suspects this may relate to Walmart's internal system for calculating employee leave, whereby Walmart assigns "points" based on employee absences. But this is speculation by the Court. The Complaint does not adequately explain the Walmart point system or how it relates to any discrimination that Plaintiff suffered.

In short, it appears that Plaintiff seeks to bring an employment discrimination claim, but the Complaint falls far short of alleging the facts necessary to do so. Given Plaintiff's *pro se* status, the Court recommends that the Complaint be dismissed without prejudice so that Plaintiff can attempt to cure the pleading deficiencies by way of an Amended Complaint. The Amended Complaint should set forth clear and cohesive facts as to how and why Plaintiff lost her job and how or why she believes Walmart discriminated against her based upon her race, national origin, or other protected characteristics. Failure to cure these pleading deficiencies may result in a dismissal with prejudice.

## II.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, the undersigned **RECOMMENDS** that the Complaint (DE 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the District Court allow Plaintiff to file an Amended Complaint, on whatever timeline the District Court deems appropriate, to attempt to cure the deficiencies identified herein. **Pending the District Court's resolution of this Report and Recommendation, Plaintiff may only file an Amended Complaint in full compliance with Fed. R. Civ. P. 15.**

Plaintiff shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de*

*novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23rd day of May 2024.

                                    RYON M. MCCABE
                                    U.S. MAGISTRATE JUDGE