# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14152-KMM

ANGELA S. STALLINGS,

     Plaintiff,

v.

WALMART,

     Defendant.

_____/

## ORDER

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Ryon M. McCabe, United States Magistrate Judge. ("R&R") (ECF No. 8). The matter was referred to Magistrate Judge McCabe, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 6). Magistrate Judge McCabe issued a *sua sponte* R&R, recommending that Plaintiff's Complaint (ECF No. 1) be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Neither Defendant nor Plaintiff objected to the R&R. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

## I.     LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II.    DISCUSSION

This is a civil rights case involving Plaintiff's loss of her job at Walmart. *See* (ECF No. 1). Magistrate Judge McCabe previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). *See* (ECF No. 7). In IFP cases, a court shall dismiss any action that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As set forth in the R&R, Magistrate Judge McCabe recommends that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See* R&R at 5.

The Complaint alleges a claim under 42 U.S.C. § 1983, which provides a remedy against every person who, under the color of state law, deprives another of rights secured by the Constitution and laws of the United States. *See* (ECF No. 1); R&R at 2. Magistrate Judge McCabe finds that the Complaint fails to explain how Walmart, a private corporation, acted "under the color of state law." R&R at 2. Mindful of Plaintiff's *pro se* status, Magistrate Judge McCabe further reviewed the Complaint to discern whether Plaintiff may have other legally cognizable civil rights claims, specifically Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981. *Id* at 2.

Magistrate Judge McCabe reviewed the Complaint and found that Plaintiff "sets forth a confusing narrative that does not fully explain how or why Plaintiff lost her job at Walmart,"

2

among other issues. *Id.* at 3. The R&R concludes that it appears Plaintiff seeks to bring an employment discrimination case, but the Complaint falls short of alleging the facts necessary to do so, even with the most liberal pleading standards. *Id.* at 4.

The Court received no objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge McCabe's findings that the case should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.   CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 8) is ADOPTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an Amended Complaint to attempt to cure the deficiencies identified in the R&R no later than August 24, 2024.

DONE AND ORDERED in Chambers at Miami, Florida, this  25th   day of July, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record